IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: _____ |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. § 1332(a), 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") removes this action from the 14th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. In support of such removal, Wells Fargo states as follows:

### I.   STATE COURT ACTION

1. On November 30, 2016, Plaintiff Rafael Garcia, ("Plaintiff") filed Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures (the "Petition") in the 14th Judicial District Court of Dallas County, Texas, in an action styled *Rafael Garcia v. Wells Fargo Bank, N.A.*, Cause No. DC-16-15291 (the "State Court Action").

2. In the State Court Action, Plaintiff seeks injunctive relief to preclude the foreclosure of the real property located at 2013 Northmoor Way, Carrollton, Texas 75006 (the "Property") and asserts claims for breach of contract, common law fraud, and promissory estoppel. *See* Petition ¶¶ 6, 13-19 (Ex. E).

3. Defendant was served with a citation and a copy of the Petition in this matter on December 5, 2016. This Notice of Removal is therefore timely filed because it is filed within 30 days of service on Defendant. *See* 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

4. Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.   PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(c)(3).

6. The United States District Court for the Northern District of Texas, Dallas Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. §§ 1331 and 1332(a).

7. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following materials, some of which are certified:

    a.    **Exhibit A:**    An Index of all Exhibits;

    b.    **Exhibit B:**    Civil Cover Sheet;

    c.    **Exhibit C:**    Supplemental Civil Cover Sheet;

    d.    **Exhibit D:**    A copy of the state court docket/transaction sheet;

    e.    **Exhibit E:**    Plaintiff's Original Petition filed November 30, 2016;

    f.    **Exhibit F:**    Unsigned Temporary Restraining Order filed November 30, 2016;

    g.    **Exhibit G:**    Civil Case Information Sheet filed November 30, 2016;

    h.    **Exhibit H:**    Citation issued December 2, 2016;

    i.    **Exhibit I:**    Signed Temporary Restraining Order, December 2, 2016;

    j.    **Exhibit J:**    Registry Deposit Information Sheet, filed December 2, 2016;

    k.    **Exhibit K:**    Motion to Extend Temporary Restraining Order, filed December 7, 2016;

    l.    **Exhibit L:**    Order Granting Motion To Extend Temporary Restraining Order, unsigned, filed December 7, 2016;

    m.    **Exhibit M:**    Show Cause Order, unsigned, filed December 7, 2016;

    n.    **Exhibit N:**    Return of Service, filed December 9, 2016;

    o.    **Exhibit O:**    Defendant's Original Answer, filed December 22, 2016;

    p.    **Exhibit P:**    Letters from the Court, issued January 3, 2017; and

    q.    **Exhibit Q:**    Dallas Central Appraisal District valuation for the Property.

8.    Simultaneously with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 14th Judicial District Court of Dallas County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.    DIVERSITY JURISDICTION

9.    Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

### A.  THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

10. Plaintiff Rafael Garcia is a natural person, so his citizenship for diversity purposes is determined by "where [he is] domiciled, that is, where [he has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).  Plaintiff is domiciled in Texas.  Petition at ¶ 2.  Therefore, Plaintiff is a citizen of Texas for diversity purposes.

11. Wells Fargo Bank, N.A. is also a national banking association organized under federal law.  A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its Articles of Association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).  Under its articles of association, Wells Fargo Bank, N.A.'s main office is located in South Dakota.  Therefore, Wells Fargo Bank, N.A., is a citizen of South Dakota for diversity purposes.  28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307.

### B.  AMOUNT IN CONTROVERSY

12. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).  A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

13. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 351 Fed. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 Fed. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims). Where a plaintiff files suit specifically seeking to set aside the foreclosure of real property, the amount in controversy is the value of the property itself. *See Berry*, 2009 WL 2868224 at *3.

14. Further, the Court may also consider actual damages, exemplary damages and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Rawlings v. Travelers Property Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606, at **8-9 (N.D. Tex. May 20, 2008) (considering Plaintiffs' request for exemplary damages and potential recovery pursuant to TEX. CIV. PRAC. & REM. CODE § 41.008, and finding that the amount in controversy "more likely than not" exceeded $75,000);

*Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

15.    Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs.  This is because Plaintiff seeks injunctive relief to preclude the foreclosure of the Property, and as a result, the entire value of the Property is squarely at issue.  *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48; *see also* Petition at ¶¶ 16, 20-21 (Ex. E).  According to the Dallas Central Appraisal District, the current market value of the Property is $132,280.[1] *See* Ex. Q.

16.    Although Defendant vehemently denies that Plaintiff is entitled to any injunctive relief or damages, once the value of the Property and damages sought are included in the amount in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants respectfully request that the Court take judicial notice of the Dallas Central Appraisal District valuation for the Property.

17.  Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Therefore, removal is proper.

## VI.   CONCLUSION

WHEREFORE, Defendant removes this action from the 14th Judicial District Court, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*/s/ Jason A. LeBoeuf*
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Jason L. Sanders**
  State Bar No. 24037428
  jsanders@lockelord.com
**Jason A. LeBoeuf**
  State Bar No. 24032662
  Jason.leboeuf@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following *via electronic service, facsimile and/or certified mail return receipt requested* pursuant to the Texas Rules of Civil Procedure on this 4th day of January 2017:

Robert C. Vilt
5177 Richmond Ave, Suite 1142
Houston, Texas 77056
Tel. (713) 840-7570
Fax. (713) 877-1827
clay@viltlaw.com

*/s/ Jason A. LeBoeuf*
Counsel for Defendant